DUCKER, JUDGE:
Claimant at about 7:30 o’clock p.m. on June 26, 1973 parked his automobile in the driveway to the State owned recreational area on old U.S. Route No. 50 east of Lamberton, Ritchie County, West Virginia, for the purpose of having in the area a family cook-out, and shortly after parking, taking his food from the car and putting it on the grills, a storm came up and the wind of the storm broke two limbs from a tree extending across the fence of the park area, which limbs struck claimant’s car damaging the same and necessitating repair costs in the amount of $748.40, the amount for which the claimant here seeks an award.
The evidence is that the two broken limbs extended about 20 or 25 lineal feet across the road completely blocking the road, and they appeared to have “just snapped off’ with no “splitting”. There was no visible evidence that the tree was rotten. The limbs measured, one larger than the other, from “a foot in diameter” to “maybe 16 inches” and were live with the leaves on them. Claimant said they, meaning himself and his family, were “all sort of shook up” in the storm and never looked to examine the tree to see if it was rotten on the outside.
Respondent’s witness, Ralph McClead, County Superintendent of the respondent for Ritchie County, testified that he had the responsibility for the roadside park here involved and he had one maintenance man who had the responsibility to notice hazards of any type including rotten or dangerous trees and tree limbs, and that he reported to McClead each morning, that no report of any hazard to visitors had been made prior to the claimant’s visit to the park, that he saw the tree after the accident and cut the limbs with a power saw, and that he saw no rottenness in the tree or the limbs.
*46 The evidence is convincing that the storm consisting of a high wind and later rain, blew severely enough to break the tree limbs, which were not rotten and that the accident was not the result of any negligence on the part of the respondent. The storm amounted to what in legal parlance is known as an “Act of God” for which the respondent cannot be held responsible or liable even though it occurred on the premises of the respondent.
As we are of the opinion that there has been no showing of any negligence on the part of the respondent, we make no award to the claimant herein.
Claim disallowed.